RECEIVED

IN THE UNITED STATES DISTRICT COURT FOR THE
2005 OCT 14 A MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

DEBRA N. HACKETT, CLK
U S DISTRICT COURT

UNITED STATES OF AMERICA          )
            Plaintiff,            )
                                  )
                                  )Case No.: 1:05-MJ-43
                                  )Violation:
                                  )
    v.                            )
                                  )
                                  )
RIOS, SERGIO,                     )        I certify that this document is a true
            Defendant.            )        copy of the original document or
                                  )        electronic filing in this case.
                                  )        *Cecelia N. Sanders* 10/12/05
                                             Deputy Clerk          Date

## MOTION FOR DISCOVERY

COMES NOW, defendant SERGIO RIOS, by and through his undersigned

counsel, and moves this Court for an order requiring the government to provide the

following materials to the Defendant:

I.    To permit his attorney to inspect and copy or photograph any relevant

      written or recorded statements or conferences made by the defendant, or for

      which he is to held accountable, or copies thereof, with the possession,

      custody or control of the government, the existence of which is known, or by

      exercising due diligence may become known, to the attorney for the

      government.

II.   Disclosure of the substance of any oral statements made by the Defendant,

      or for which he is the be held accountable, including permitting Defendant's

5

attorney to inspect and copy or photograph any summaries or memoranda of such statements, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.

III.   To permit the defendant's attorney to inspect and copy or photograph any relevant written or recorded statements or conferences made by any alleged confederates or copies thereof, with the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known to the attorney for the government.

IV.   To permit Defendant's attorney to inspect and copy or photograph any and all results of any scientific test or experiments made in connection with the above-referenced indictments, or copies thereof, within the possession, custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.

V.   To permit Defendant's attorney to inspect and copy or photograph all books, papers, documents, photographs, or other tangible objects, or copies thereof, which are in the possession, custody or control of the government and which are material to the preparation of the defense or are intended for use by the

government as evidence in chief at trial, or were obtained from or belong to Defendant. This request includes obtaining duplicates (not Xerox copies) of all surveillance photographs taken.

VI.    To permit Defendant and his attorney to inspect all photographs that may have been used in photographic arrays displayed to witnesses the government intends to call at trial.

VII.   A copy of Defendant's prior criminal records.

VIII.  As to all persons who will testify for the government, either in its case in chief or in rebuttal the following specific and detailed information is requested:

A.    The existence and substance, and the matter of execution or fulfillment, of any promises, agreements, understandings or arrangements, either verbal or written, between the government and any prosecution witness or his or her attorneys or representatives, wherein the government has agreed, either expressly or implied, as follows:

(i.)    Not to prosecute the witness for any crime of crimes;

(ii.)   Not to prosecute a third party for any crime or crimes;

(iii.)  To provide a formal grant of statutory immunity, or to provide

an informal assurance that the witness will not be prosecuted in connection with any testimony given by him or her;

(iv.)   To recommend leniency in sentencing for any crime or crimes for which he or she is convicted;

(v.)    To recommend a particular sentence for any crime or crimes for which he or she is convicted;

(vi.)   To provide favorable treatment or consideration that is, money or the like, to the witness himself or to friends or relatives of the witness in return for the witness' cooperation, testimony, or assistance of any kind;

(vii.)  To compromise or diminish, or to recommend to compromise or diminish any federal, state or local taxes which the witness or friend or relatives of the witness may owe or claim to owe;

(viii.) To recommend early release, parole or pardon for any crime or crimes for which he or she may be serving a sentence in any federal, state or local institution;

(ix.)   To recommend early termination of any parole or probation for any crime or crimes for which he or she may be being supervised by any federal, state or local institution;

(x.)  To make any other recommendation of any benefit however slight, or to give any other consideration to the witness or friends or relatives of the witness;

B.  All of the information requested in paragraphs (i) through (x) regarding any unavailable declarant whose out of court statements will be used by the government against the defendant.

IX  With respect to the existence of electronic surveillance, please state whether or not there has been any electronic surveillance, eavesdropping, interceptions of communications, wiretapping, listening devises or any similar investigative techniques utilized in the investigation of this case.

X.  The names, addresses, background and criminal record of all witnesses presented on the witness stand in the trial of this case by the government.

XI.  Any and all recorded or written memoranda of conversations, discussions with, or statements by informants and special employees of the government.

XII.  The names and classifications of any and all federal bureau of investigation agents, united states attorneys, state or local law enforcement or other government employees who met with, talked to, or were present at any meeting or discussion held with any informants and/or special employees of the government during the investigation of the offenses set forth in the

indictment.

XIII.   Any and all receipts, vouchers or other books and records concerning money expended by the government, whether it be the federal bureau of investigation, or other governmental agency, expended for the informants, witnesses, and special employees of the government used in connection with the investigation of these cases.

XIV.   Any and all statements, memoranda and/or documents producible under 18 U.S.C. Section 3500 at the time of trial.

XV.   A copy of all original notes and memoranda (whether written or otherwise) that may have been made by any and all federal agents investigating this case, including any person who may have been acting in an informer or undercover capacity. If such notes and memoranda were once in existence but have now been destroyed, the purpose and exact information surrounding their destruction should be furnished in complete detail.

XVI.   Disclose whether or not any potential witness, or any informant or special employee of the government has been designated as a drug abuser and whether or not such person has been treated for drug abuse or condition. Designate the names, addresses and classifications of all physicians, hospitals and institutions wherein any such diagnosis has been made or where any

6

such treatment has been given, and the dates of admission and release. If any potential witness has been treated as an out-patient as opposed to being institutionalized, please so designate.

XVII. Disclose whether or not any potential witness for the government has been treated for alcoholism in any way or manner whatsoever, either as an institutional patient or as an out-patient.

XVIII.     Disclose whether or not any potential witness for the government, informant or special employee of the government has ever been treated by any psychiatrist or psychologist for any emotional illness or personality disorder, or pathology, and if so, designate the names and addresses of the diagnosing or treatment physicians, psychologist, or psychiatrist.

XIX. Disclose whether or not there was any evidence seized from the defendant, his residence, automobile; or evidence seized from another person or location regardless of the government's intent to introduce the evidence at trial or not. If any evidence was seized, disclose:

A.     Whether the seizure was pursuant to an arrest warrant, search warrant, or allegedly by consent;

B.     A description of the evidence;

7

C.    The date of the seizure; and

D.    The names of the persons who were present.

XX    Disclose whether or not a canine was used in this case to smell any persons, property or places, and if so, disclose:

XXI    The name and location of the canine;

A.    The name and address of the handler;

B.    The description of the person, property or place smelled;

C.    Whether the canine alerted or failed to alert;

D.    Copies of all notes, reports or other memoranda maintained by the handler regarding the canine's curriculum vitae;

E.    A copy of the canine's curriculum vitae; and

F.    Disclosure of all the instances the canine has falsely alerted in the past.

XXII    In addition to all the items mentioned herein above, we specifically request the government to furnish to us any and all evidence that may be in its possession and which may be materially favorable to the Defendant either of a direct or of an impeaching nature, within the purview of <u>Brady v Maryland</u> and it progeny.

XXIII    Disclose all conduct, circumstances and injuries relevant to the crimes alleged in the indictment. Defendant requests the conduct, circumstances, and

8

injuries relevant to the offense alleged in the indictment upon which the government intends to rely at sentencing under Section 1B1.3 of the Sentencing guidelines.

XXIV  Disclose all information which the government contends reveals that the Defendant committed any crime alleged in the indictment as part of criminal conduct from which the Defendant derived a substantial portion of his or her income under Section 4B1.3 of the Sentencing Guidelines.  Disclose all restitution which the government contends the defendant is liable for under 18 U.S.C. Section 3663(d).

XXV  Disclose any and all substantial assistance to authorities provided by the defendant, including, but not limited to, the nature, and extent of the defendant's assistance, any injuries suffered, or any danger or risk of injury to the defendant or his family resulting from such assistance, and the timeliness of the defendant's assistance.

WHEREFORE, the defendant urges the Court to order the disclosure of the aforementioned material, documents and information.

### Motion to disclose the names of law enforcement, expert, and informant witnesses

The defendant moves the Court to order the government to disclose the names of its law enforcement, expert, and informant witnesses.

WHEREFORE, the defendant urges the Court to order the disclosure of the government's law enforcement, expert, and informant witnesses.

### Demand for list of witnesses

The defendant moves the Court to order the government to disclose a list of each and every witness to be used by the united states attorney's office against the defendant, as well as, the addresses and telephone numbers of said witnesses.

WHEREFORE, the defendant urges the Court to order the disclosure of the list of witnesses to be used by the united states attorney's office against the defendant, as well as, the addresses and telephone numbers of said witnesses.

### Motion to reveal the deal

The defendant moves the Court to require the United States Attorney to respond as to any deals or considerations made between the prosecution witnesses, and the united states attorney's office, federal bureau of investigation, Georgia bureau of investigation or any other law enforcement agency involved in the afore styled matters.

Defendant specifically moves for the prosecution to respond in writing as to these specific incidents and further moves this Court to require the prosecution to

10

reveal any other promises of leniency or consideration given to the prosecution witnesses of which the defendant has no specific knowledge.

### Motion for notice by the government of its intention

### to rely upon other crimes, wrongs, acts and misconduct

The defendant moves the Court to direct the government to give pre-trial notice under Rule 404(b) of the Federal Rules of Evidence, of its intention to introduce evidence alleging defendant's commission of other crimes, wrongs, acts and misconduct, and to provide defendant, within a reasonable time, a list of all such evidence, including names of witnesses, dates, summaries of expected testimony, and any related documentary evidence. See United States v Kilroy, 523 F. supp. 206,216.

WHEREFORE, the defendant urges the Court to order the government to provide defendant within a reasonable time prior to trial, a list of all contemplated Rule 404(b) evidence, including the names of witnesses, dates, summaries of expected testimony, and any related documentary evidence.

### Jenkins Motion

The defendant, pursuant to Title 18 Section 3500, U.S.C., moves the Court to require the United States of America to produce to counsel for defendant, any statement of any witness in the possession of the United States of America which relates to the subject matter as to which the witness has testified, including any such

11

statement or statements as defined by sub-section (e), and all sub-divisions thereof

of the aforesaid Code Section.

WHEREFORE, the defendant urges this Court to order the production of any

and all statements of all witnesses related to the aforementioned subject matter.

Respectfully submitted this 11th day of October, 2005

/s/ Phil Cannon
Phil Cannon
Attorney for Defendant

Prepared by:
Phil Cannon
State Bar No.107895
P.O. Box 727
Albany, GA 31702-0727
(229) 446-8085

12

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF GEORGIA
## ALBANY DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>**Plaintiff,** | )<br>)<br>)Case No.: 1:05-MJ-43 |
| | )Violation: |
| **v.** | )<br>) |
| **RIOS, SERGIO,**<br>**Defendant.** | )<br>)<br>)<br>)<br>) |

### Certificate of Service

I hereby certify that on **10/11/05,** I electronically filed the foregoing with the Clerk

of the Court using the CM/ECF system which will send notification of such filing

to the following:   **A. Clark-Morris, Assistant U.S. Attorney**.  I also certify that I

have mailed by United States Postal Service the document and a copy of the Notice

of Electronic Filing to the following non-CM/ECF participants: <u>n/a</u>.

Respectfully submitted,

<u>/s/ Phil Cannon</u>

John Phillip Cannon
P.O. Box 727
Albany, GA 31702-0727
Phone: (229) 446-8085
Fax: (229) 446-7024
E-mail: lawyerphilcannon@aol.com
Georgia Bar No: 107895