IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 1:05MJ110-C |
| | ) | |
| SERGIO RIOS | ) | |

## **ORDER**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on November 2, 2005. For the following facts and reasons, the court concludes that the defendant should be detained pending trial in this case.

The court finds there is probable cause to believe that the defendant has committed an offense for which the maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 841(a)(1). The defendant offered no evidence to rebut the presumption established by this finding that no condition or combination of conditions will reasonably assure the safety of other persons or the community. The defendant argued that the court could fashion conditions which would ameliorate the possibility of the defendant engaging in drug trafficking. However, the court does not find that "flipping burgers"[1] for eight hours a day or working at any other job is a sufficient deterrent to engaging in trafficking. The evidence shows that the defendant over the course of less than one year has been involved in the distribution of multiple pounds of methamphetamine. The evidence shows that the defendant has conducted this business

---

[1] The characterization is counsel's.

with the aid of associates. There are no conditions which could prevent the defendant from continuing these activities. Thus, the presumption of detention is not rebutted.

While the defendant has substantial ties to the United States, he is a citizen of Mexico, having permanent resident status in the United States. The evidence shows that if he were to flee to Mexico, it is unlikely that his return to this country could be secured. While the defendant's ties do rebut the presumption that he is a risk of flight, the presumption remains in the case for consideration by the court.

The unrebutted presumption of dangerousness coupled with the remaining flight presumption convinces the court that the defendant should be detained. In reaching this conclusion, the court has carefully considered as required by 18 U.S.C. § 3142(g) the nature and circumstances of the offense charged, the weight of the evidence against the defendant, the history and characteristics of the defendant as set forth in the Pretrial Services Report as well as the evidence adduced at the hearing and the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

Therefore, it is ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or

on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Done this 3rd day of November, 2005.

                                            /s/Charles S. Coody
                                 CHARLES S. COODY
                                 CHIEF UNITED STATES MAGISTRATE JUDGE

.