**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| vs.    ) | Case no. :    1:05-cr-264-LSC |
| ) | |
| **SERGIO RIOS** ) | |

### SUPPLEMENTAL MOTION TO CONTINUE TRIAL

On December 7, 2005, Mr. Rios filed his motion to continue the trial in this cause presently scheduled for February 13, 2006. In addition, the motion also requested that all deadlines established in the Court's Order on Arraignment issued on December 1, 2005, be extended. The undersigned appeared on Mr. Rios' behalf as additional counsel and formally entered his appearance the next day. The supplemental information contained herein is relevant to the Court's consideration of the motion to continue and is set forth as follows:

1. Following undersigned counsel's entry into the case on behalf of Mr. Rios on January 4, 2006, undersigned counsel arranged for co-counsel to forward discovery from Dothan to Montgomery in order to begin the process of reviewing the same.

2. As was pointed out to the Magistrate Judge at the pretrial conference on January 3, 2006, part of the government's evidence which has been disclosed in discovery includes seven loose leaf binders of summaries of telephone calls recorded by the government apparently Title III of the Omnibus Crime Control and Safe Streets Act of 1968 ("Title III"), 18 U.S.C. § 2510, et. seq. Each of these summaries corresponds to a separate call which was recorded and there were approximately 2000 - 3000 calls reflected in the summaries contained in the seven loose leaf binders.

3. Under Title III, the government is authorized to intercept wire communications in the investigation of certain enumerated criminal offenses, *see* 18 U.S.C. § 2516, with prior court approval, *see id.* § 2518. In order to obtain a court order authorizing the interception of wire

communication, the government must first demonstrate "probable cause for belief that an individual is committing, has committed, or is about to commit" one of the specified criminal offenses. *Id.* § 2518(3)(a). The government must also show, *inter alia*, "probable cause for belief that particular communications concerning [the specified] offense will be obtained through [the] interception," *id.* § 2518(3)(b), and that "normal investigative procedures have been tried and have failed or reasonably appeared to be unlikely to succeed if tried or to be to dangerous;" *id.* § 2518(3)(c). Every court order authorizing the interception of wire communications under Title III must include a provision requiring that the interception be "conducted in such a way as to minimize the interception of communications not otherwise subject to interception under this chapter." *Id.* § 2518(5).

4.  All of the intercepted wire communications must be reviewed with an eye toward determining whether all of the requirements, procedural and substantive, both those described above and in addition to those, have been complied with. That is so because there is no doubt that Mr. Rios is an "aggrieved person" as defined in 18 U.S.C. § 2510(11), "a person who was a party to any intercepted wire, oral or electronic communication or a person against whom the interception was directed." Therefore, the interceptions must be reviewed and listened to in order to determine whether a motion, or motions to suppress should be filed.

5.  In light of the aforementioned volume of discovery, including the Title III interceptions in this case, counsel for Mr. Rios require sufficient time to be able to carefully review the discovery, including the Title III material, in order to effectively prepare for trial, or other disposition as may be appropriate. Unfortunately, the present timetable does not permit counsel for Mr. Rios to be able to fully and effectively complete the tasks necessary to accomplish that goal.

6.  Counsel for the United States, Ms. A. Clark Morris, does not oppose Mr. Rios' motion to continue, as set forth in Mr. Rios' original motion.

WHEREFORE, due to the circumstances set forth herein, and those contained in the original Motion to Continue Trial Setting filed on December 7, 2005, Mr. Rios prays the Court will consider all matters and, after due consideration, enter its order continuing the trial of this cause and extending all applicable deadlines.

RESPECTFULLY SUBMITTED this the 18th day of January, 2006.

s/Stephen R. Glassroth
STEPHEN R. GLASSROTH (GLA005)
Attorney for the defendant
Stephen R. Glassroth
THE GLASSROTH LAW FIRM, P.C.
615 S. McDonough Street
Post Office Box 910
Montgomery, Alabama 36101-0910
(334) 263-9900
(334) 263-9940 - fax
firm@glassrothlaw.com

OF COUNSEL:

THE GLASSROTH LAW FIRM, P.C.
615 S. McDonough Street
Post Office Box 910
Montgomery, Alabama 36101-0910
(334) 263-9900
(334) 263-9940 - fax

**CERTIFICATE OF SERVICE**

I hereby certify that on January 18, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

A. Clark Morris

Respectfully submitted,
s/Stephen R. Glassroth
Stephen R. Glassroth
THE GLASSROTH LAW FIRM, P.C.
615 S. McDonough Street
Post Office Box 910
Montgomery, Alabama 36101-0910
(334) 263-9900
(334) 263-9940 - fax
firm@glassrothlaw.com